# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) GODWIN EHIREMAN,        )
                              )

        Plaintiff,          )
                              )

vs.                          )    Case No.
                              )

(1) STANLEY GLANZ, SHERIFF OF   )   **14 CV - 292 GKF - FHM**
TULSA COUNTY, His official capacity,   )
and individual capacity,            )
(2) BOARD OF COUNTY            )     **FILED**
COMMISSIONERS OF TULSA COUNTY,  )
                              )    JUN 2 2014

        Defendants,       )   , Phil Lombardi, Clerk
                                    U.S. DISTRICT COURT

## NOTICE OF REMOVAL

Defendants Stanley Glanz, Sheriff of Tulsa County, in his official and individual

capacities ("Glanz"), and Board of County Commissioners of Tulsa County ("BOCC"), by and

through their undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby notify

this Court that they are removing the above-captioned action currently pending in the District

Court of Tulsa County, Oklahoma to the United States District Court for the Northern District of

Oklahoma. In support of this Notice of Removal, Defendants state as follows:

1.      Plaintiff filed her Petition against Defendants in the District Court for Tulsa

County, Oklahoma, on May 9, 2014 (the "State Court Lawsuit"). Defendants received service of

Plaintiff's Petition on or after May 14, 2014. Thus, this Notice of Removal is filed with this

Court within thirty (30) days of the receipt of Plaintiff's Complaint (or Petition) as required by

28 U.S.C. § 1446(b).

2.      Defendants are filing a Status Report of Removed Action along with the filing of

this Notice of Removal. It is currently expected that Defendants will also be filing Answers, or

other responses to the Petition, in this Court within seven (7) days of filing this Notice of

Fees Pd

Removal.  Pursuant to LCvR 81.2, clear and legible copies of all documents filed or served in the case are attached as follows: Plaintiff's Petition as Exhibit "1", copies of the summons served upon Defendants Glanz and BOCC as Exhibits "2" and "3", respectively, and a copy of the Docket Sheet as Exhibit "4."

3.      The basis for removal to federal court is federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4.      In accordance with 28 U.S.C. § 1446(d), Defendants are promptly filing a copy of this Notice of Removal with the Clerk of the District Court for Tulsa County, Oklahoma.

5.      In accordance with 28 U.S.C. § 1446(d), Defendants are also giving written notice to Plaintiff by promptly serving this Notice of Removal upon Plaintiff's counsel.

6.      As required by 28 U.S.C. § 1441, Defendants seek to remove this case to the United States District Court for the Northern District of Oklahoma, which is the District Court embracing the place where the State Court Lawsuit has been filed.

## FEDERAL QUESTION JURISDICTION

7.      Plaintiff's Petition makes claims under under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  See Plaintiffs' Petition, Exhibit "1."

8.      Accordingly, Plaintiff has invoked this Court's original jurisdiction on "a claim or right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. §§ 1331 and 1441.

9.      Venue lies in this Court because Plaintiff's action is pending in this district and division.  See 28 U.S.C. § 1441(a).

WHEREFORE, Defendants Glanz and BOCC respectfully request that the above-captioned action now pending in the District Court of Tulsa County, Oklahoma, be removed to the District Court for the Northern District of Oklahoma, and that said District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated this 2nd day of June, 2014.

Respectfully submitted,

Douglas A. Wilson
OK Bar Number 13128
Assistant District Attorney
Tulsa County District Attorney's Office
500 S. Denver Ave., Suite 832
Tulsa, OK 74103
douglas.wilson@tulsacounty.org
(918) 596-8795
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF MAILING & ELECTRONIC NOTICE

I hereby certify that on June 2, 2014, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- Daniel E. Smolen

s/ Douglas A. Wilson
Douglas A. Wilson

3

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA



GODWIN EHIREMAN,                 )
                                 )
                                 )
        Plaintiff,               )
                                 )
vs.                              )
                                 )
(2) STANLEY GLANZ, SHERIFF OF    )
TULSA COUNTY, His official capacity, )
and individual capacity,         )
(3) BOARD OF COUNTY              )
COMMISSIONERS OF TULSA COUNTY,)
                                 )
        Defendants.              )

STATE OF OKLAHOMA
TULSA COUNTY

2014 MAY 14  AM 10: 31

PAT KEY
TULSA COUNTY CLERK

CJ-2014  01842

Attorney Lien Claimed

DAMAN CANTRELL
DISTRICT COURT
**F I L E D**

MAY - 9 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## PETITION

COMES NOW the Plaintiff, Godwin Ehireman, through his attorneys of record,
brings this action against Defendants, Stanley Glanz, Sheriff of Tulsa County and Board
of County Commissioners of Tulsa County, for violations of his constitutionally
protected rights arising out of his employment and termination by said Defendants.

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is a resident of Tulsa County, Oklahoma.

2.    Defendant Board of County Commissioners is a governmental entity conducting
regular activity in Tulsa County, State of Oklahoma. Defendant regularly employs more
than fifteen (15) people.

3.    Defendant Stanley Glanz is citizen of the United States and a resident of Tulsa
County, State of Oklahoma.

4.    The incidents and occurrences which form the basis of Plaintiff's action occurred
in Tulsa County.

Ex. 1

5.     This Court has jurisdiction and venue is proper in Tulsa County.

6.     The is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000-2 hereinafter ("Title VII"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

7.     Plaintiff, a resident of Tulsa County, State of Oklahoma, filed a charge of discrimination against the Defendants with the Equal Employment Opportunity Commission ("EEOC"). A Notice of Right to Sue was received by each Plaintiff and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, Plaintiff has complied fully with all prerequisites in this Court under Title VII.

8.     Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

9.     Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

10.    Punitive damages are sought pursuant to 42 U.S.C. § 1983.

11.    Jurisdiction is proper and this action lies properly in Tulsa County as the unlawful employment practices complained of herein occurred within Tulsa County and because the Defendants conduct regular business in Tulsa County.

## FACTS COMMON TO ALL CLAIMS

12.    Plaintiff is an African American male.

13.    Plaintiff began working for the Defendants as a detention officer in July of 2005.

14.    Through the lottery system, Plaintiff was assigned to work in the inmate library. Plaintiff was the first African American to hold this position. When Plaintiff began working in that position his supervisor, Chaplain Hardgrove, told him that he did not have time to train Plaintiff and insinuated he did not want Plaintiff in the position.

Chaplain Hardgrove failed to train the Plaintiff and harbored animus towards him because of Plaintiff's race.

15.     Plaintiff continued to be subjected to different terms and conditions of employment as compared to his non-African American counterparts. In fact, Chaplain Hardgrove so resented the Plaintiff, because of his race, that Hardgrove hired a Caucasian part-time worker, Cassandra. The position had never required two people in the past.

16.     Hardgrove retired and Mr. Holloway became Plaintiff's supervisor. Mr. Holloway took away Plaintiff's telephone, desk, and computer, then moved Plaintiff to a different location away from the supplies he needed to complete his duties. All of the supplies that were taken from Plaintiff were given to Cassandra, the part-time Caucasian worker. Additionally, because Plaintiff's computer had been taken away, he was forced to share a computer with a volunteer. Plaintiff suffered this different and demeaning treatment because of his race and national origin. His non-African American counterparts did not suffer differential treatment.

17.     Plaintiff also suffered harsher discipline than his Caucasian coworkers when he began reporting to Sergeant Hinshaw. Specifically, Plaintiff was called into an internal affairs investigation and forced to take a lie detector test for allegedly engaging in an inappropriate relationship with an inmate. Plaintiff is aware of non-African American coworkers who were not disciplined as harshly as he was for similar or worse policy violations. Specifically, Plaintiff recalls that even amidst suspicion that Sergeant Housley (Caucasian) and Sergeant Kaiser (Caucasian) violated procedure, which resulted in an inmate's death, those individuals were not fired. Additionally, Corporal Stroope, Caucasian, was in charge of inmate accounts. However, when moneys went missing on

3

her watch she was reassigned and not fired. Plaintiff further suspects that the aforementioned individuals were not subjected to a polygraph test. Upon information and belief, the Plaintiff is aware of an intimate relationship between Major Shannon Clark and a Caucasian TCSO female employee, similarly situated to Mr. Ehireman, wherein neither were disciplined nor terminated after Defendant learned of the relationship. Plaintiff was terminated although similarly situated non-African American coworkers were not. In fact, Plaintiff was terminated even though he had never received written discipline or any form of discipline prior to the incident that allegedly justified his termination.

18.     Additionally, in or around January 2013, Plaintiff requested a transfer to the classification and bond release position. Randy Pierce informed the Plaintiff that he had allegedly failed a background check and was therefore ineligible for transfer. This statement was completely false, as Plaintiff never failed a background check. Plaintiff is unaware of any non-African American coworkers who were falsely told they failed a background check. Plaintiff was denied the transfer and told he failed the background check because of his race and national origin.

19.     Finally, Plaintiff complained to Chief Robinette because the race discrimination was worsening.  Shortly after making that complaint, Plaintiff was terminated from his employment out of retaliation for complaining about race discrimination.

**FIRST CLAIM FOR RELIEF**
**DISCRIMINATION BASED ON RACE (TITLE VII)**

20.     Plaintiff incorporates as if realleged the preceding paragraphs.

4

21.     By terminating the Plaintiff from his employment and treating him differently than similarly situated Caucasian coworkers, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

      a. Back pay and lost benefits; front pay until normal retirement

      b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

      c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;

      d. His attorney fees and the costs and expenses of this action;

      e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1981

22.     Plaintiff incorporates as if realleged the preceding paragraphs.

23.     By terminating the Plaintiff from his employment and treating him differently than similarly situated Caucasian coworkers, the Defendant has violated 42 U.S.C. § 1981.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

      a. Back pay and lost benefits; front pay until normal retirement

      b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

      c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;

      d. His attorney fees and the costs and expenses of this action;

      e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## RETALIATION (TITLE VII)

24.     Plaintiff incorporates as if realleged the preceding paragraphs.

25.     Plaintiff complained about the disparity in treatment.

26.     By terminating Plaintiff's employment in retaliation for his complaints regarding the unfair treatment and race discrimination, Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a).

WHERFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;
    d. His attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27.     Plaintiff incorporates as if realleged the preceding paragraphs.

28.     The Defendants' actions of intentional and malicious discrimination and retaliation are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

29.     The Defendants intentionally or recklessly caused severe emotional distress to Plaintiff beyond which a reasonable person could be expected to endure.

WHERFORE, Plaintiff prays for judgment against the Defendants for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for his mental anguish, pain and suffering and

6

other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;

d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

                                Respectfully submitted,


                                Daniel E. Smolen, OBA#19943
                                SMOLEN & SMOLEN, P.L.L.C.
                                701 S. Cincinnati Ave.,
                                Tulsa, OK 74119
                                P: (918) 585-2667
                                F: (918) 585-2669
                                Attorneys for Plaintiff



## IN THE DISTRICT COURT IN AND FOR TULSA
## STATE OF OKLAHOMA

GODWIN EHIREMAN,                          )
                                          )
                                          )
          Plaintiff,                      )
                                          )         CASE NO.
vs.                                       )         **CJ-2014  01842**
                                          )         Attorney Lien Claimed
(2) STANLEY GLANZ, SHERIFF OF             )
TULSA COUNTY, His official capacity,      )
and individual capacity,                  )
(3) BOARD OF COUNTY                       )
COMMISSIONERS OF TULSA COUNTY,)                     **DISTRICT COURT**
                                          )         **F I L E D**
          Defendants.                     )
                                                    MAY 19 2014

### ORIGINAL SUMMONS

SALLY HOWE SMITH, COURT CLERK
**SERVE  BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED** STATE OF OKLA. TULSA COUNTY

Stanley Glanz
c/o Tulsa County
303 W. 1st
Tulsa, OK  74103

To the above-named Defendant(s)

      You have been sued by the above named plaintiff(s), and you are directed to file a written
answer to the attached petition and order in the court at the above address within twenty (20) days
after service of this summons upon you exclusive of the day of service.  Within the same time, a
copy of your answer must be delivered or mailed to the attorney for the plaintiff.  Unless you answer
the petition within the time stated judgment will be rendered against you with costs of the action.

      Issued this ___9___ day of _____MAY_____, 2014

                                          County Court Clerk

                                    By    _____
                                          Deputy Court Clerk

(Seal)
          This summons and order was served on

                                          _____
                                          (Signature of person serving summons)

      YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER
CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE

Ex. 2

CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**

### PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of _____, 2014, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |

### USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2014, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____ a person then residing therein, who is fifteen (15) years of age or older

Receive_____ng

persons c

Fee for s

Total $___

Dated th

I, _____

Summon

affidavit

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Stanley Glanz
C/O Tulse County
303 W. 1st
Tulsa OK 74103

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X _____ ☐ Agent / ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery 5-14
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 2920 0002 3932 4314

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

Subscrit

My Commission Expires: _____

Seal                          Notary Public

### CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2014, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date |
|---|---|---|
| Receipted | | |

Signature of person mailing summons

Light-14.20                                          3913

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

GODWIN EHIREMAN, )
)
Plaintiff, )
)
vs. )
)
(2) STANLEY GLANZ, SHERIFF OF )
TULSA COUNTY, His official capacity, )
and individual capacity, )
(3) BOARD OF COUNTY )
COMMISSIONERS OF TULSA COUNTY, )
)
Defendants. )

STATE OF OKLAHOMA
TULSA COUNTY

2014 MAY 14  AM 10: 31

CJ-2014-01842
PAT KEY

Attorney Lien Claimed

**RECEIVED**

MAY 1 4 2014

District Attorney
Dist #14

### ORIGINAL SUMMONS

**SERVE  BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Board of County Commissioners of the County of Tulsa
c/o Tulsa County Clerk
Tulsa County Administration Bldg.
500 S. Denver
Tulsa, OK  74103-3832

To the above-named Defendant(s)

        You have been sued by the above named plaintiff(s), and you are directed to file a written
answer to the attached petition and order in the court at the above address within twenty (20) days
after service of this summons upon you exclusive of the day of service.  Within the same time, a
copy of your answer must be delivered or mailed to the attorney for the plaintiff.  Unless you answer
the petition within the time stated judgment will be rendered against you with costs of the action.

        Issued this  9  day of  May , 2014

                                        County Court Clerk

                        By      _____
                                        Deputy Court Clerk

(Seal)
        This summons and order was served on

                                        _____
                                        (Signature of person serving summons)

        YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER

Ex. 3

CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

### Return ORIGINAL for filing.

### PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of_____, 2014, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|

### USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2014, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

### NOT FOUND

Received this Summons this _____ day of _____, 2014.  I certify that the following persons of the defendant within named not found in said County:

### FEES

Fee for service $_____, Mileage $_____, Total $_____

Dated this _____ day of _____, 2014.

By:

Sheriff of _____ County,

### AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of_____, 2014.

My Commission Expires: _____

Seal                                    Notary Public

### CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2014, and receipt thereof on the dates shown:

| Defendant Receipted | Address Where Served | Date |
|---|---|---|

Signature of person mailing summons



## OSCN
### THE OKLAHOMA STATE COURTS NETWORK
*www.oscn.net*

| Home | Courts | Court Dockets | Legal Research | Calendar | Help |

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

### IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| GODWIN EHIREMAN,<br>        Plaintiff,<br>v.<br>STANLEY GLANZ, SHERIFF OF TULSA COUNTY,<br>        Defendant, and<br>BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY,<br>        Defendant. | No. CJ-2014-1842<br>(Civil relief more than $10,000:<br>DISCRIMINATION)<br><br>Filed: 05/09/2014<br><br>Judge: Cantrell, Daman H. |

## Parties

BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY , Defendant
EHIREMAN, GODWIN , Plaintiff
GLANZ, STANLEY , Defendant

## Attorneys

| **Attorney** | **Represented Parties** |
|---|---|
| SMOLEN, DANIEL E(Bar # 19943)<br>701 S. CINCINNATI<br>TULSA, OK 74119 | EHIREMAN, GODWIN |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

Issue: DISCRIMINATION (DISCRIM)
Filed by: EHIREMAN, GODWIN
Filed Date: 05/09/2014

Ex. 4

**Party Name:**

**Disposition Information:**

**Defendant:** GLANZ, STANLEY

Pending.

**Defendant:** BOARD OF COUNTY COMMISSIONERS OF
TULSA COUNTY

Pending.

## Docket

| Date | Code | Count Party | Serial # | Entry Date | | |
|------|------|-------------|----------|------------|---|---|
| 05-09-2014 | TEXT | 1 | 89604309 | May 9 2014 3:56:28:740PM | - | $ 0.00 |
| CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 05-09-2014 | DISCRIM | - | 89604311 | May 9 2014 3:56:30:010PM | Realized | $ 0.00 |
| DISCRIMINATION | | | | | | |
| 05-09-2014 | DMFE | - | 89604312 | May 9 2014 3:56:30:400PM | Realized | $ 2.00 |
| DISPUTE MEDIATION FEE($ 2.00) | | | | | | |
| 05-09-2014 | PFE1 | - | 89604313 | May 9 2014 4:10:06:830PM | Realized | $ 163.00 |
| PETITION($ 163.00) | | | | | | |
| Document Available (#1024587465) | | | | | | |
| 05-09-2014 | PFE7 | - | 89604314 | May 9 2014 3:56:30:400PM | Realized | $ 6.00 |
| LAW LIBRARY FEE($ 6.00) | | | | | | |
| 05-09-2014 | OCISR | - | 89604315 | May 9 2014 3:56:30:400PM | Realized | $ 25.00 |
| OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | | |
| 05-09-2014 | CCADMIN02 | - | 89604316 | May 9 2014 3:56:30:400PM | Realized | $ 0.20 |
| COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | | |
| 05-09-2014 | OCJC | - | 89604317 | May 9 2014 3:56:30:400PM | Realized | $ 2.00 |
| OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | | |
| 05-09-2014 | OCASA | - | 89604318 | May 9 2014 3:56:30:400PM | Realized | $ 5.00 |

OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00)

05-09-2014 CCADMIN04 -                                89604319  May 9 2014      Realized  $ 0.50
                                                                 3:56:30:400PM

COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50)

05-09-2014 LTF           -                            89604320  May 9 2014      Realized     $
                                                                 3:56:32:080PM               10.00

LENGTHY TRIAL FUND($ 10.00)

05-09-2014 SMF           -                            89604321  May 9 2014      Realized     $
                                                                 3:57:46:060PM               10.00

SUMMONS FEE (CLERKS FEE) -2($ 10.00)

05-09-2014 SMIMA         -                            89604322  May 9 2014      Realized  $ 0.00
                                                                 3:57:52:580PM

SUMMONS ISSUED - MAILED BY ATTORNEY -2

05-09-2014 TEXT          -                            89604310  May 9 2014      -         $ 0.00
                                                                 3:56:29:340PM

OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CANTRELL, DAMAN H. TO THIS
CASE.

05-09-2014 ACCOUNT       -                            89604409  May 9 2014      -         $ 0.00
                                                                 3:58:18:970PM

RECEIPT # 2014-2846504 ON 05/09/2014.
PAYOR:SMOLEN & SMOLEN TOTAL AMOUNT PAID: $223.70.
LINE ITEMS:
CJ-2014-1842: $173.00 ON AC01 CLERK FEES.
CJ-2014-1842: $6.00 ON AC23 LAW LIBRARY FEE.
CJ-2014-1842: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2014-1842: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL
ADVOCATES.
CJ-2014-1842: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS
REVOLVING FUND.
CJ-2014-1842: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2014-1842: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2014-1842: $10.00 ON AC81 LENGTHY TRIAL FUND.

05-19-2014 S             -        BOARD OF COUNTY      89847607  May 20 2014     -         $ 0.00
                                  COMMISSIONERS OF TULSA         9:23:22:123AM
                                  COUNTY

PARTY HAS BEEN SUCCESSFULLY SERVED. SUMMONS SERVED ON BOCC,
STAMPED TULSA COUNTY MAIL ROOM, NO DATE OF DELIVERY NOTED, BY
CERTIFIED MAIL
📄 *Document Available (#1025499749)*

May 20 2014

05-19-2014 S          -        GLANZ, STANLEY              89847625  May 20 2014        -        $ 0.00
                                                                      9:24:18:503AM

PARTY HAS BEEN SUCCESSFULLY SERVED. SUMMONS SERVED ON STANLEY
GLANZ, SIGNATURE ILLEGIBLE, ON 5-14-14 BY CERTIFIED MAIL
*Document Available (#1025499741)*

---

Report Generated by The Oklahoma Court Information System at June 2, 2014 12:34 PM

End of Transmission.